**In re William Noah KNIGHT, Sr., a/k/a W.N. Wright, a/k/a Bill Knight a/k/a Noah Knight, Debtor.**

**Charles A. GOWER, as Trustee, Plaintiff–Appellee,**

v.

**William Noah KNIGHT, Sr., Defendant–Appellant.**

**No. 86–8779.**

United States Court of Appeals, Eleventh Circuit.

July 8, 1987.

Charles C. Carter, Columbus, Ga., for defendant-appellant.

Michael P. Cielinski, Columbus, Ga., for plaintiff-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

The appellant, William Noah Knight, appeals the entry of a default judgment against him in this bankruptcy case. We affirm.

Knight filed a petition in bankruptcy. On January 16, 1986, the Trustee filed a

complaint to deny Knight's discharge pursuant to 11 U.S.C. § 727. Knight did not file an answer within thirty days, and on March 4, 1986, the Trustee filed an application for entry of default under bankruptcy rule 7055. The same day, Knight filed his answer to the complaint. The next day, the bankruptcy court entered a default judgment against Knight. About nine days later, after a hearing, the bankruptcy court granted Knight's motion to set aside the default and allow the answer. The Trustee appealed to the district court which reversed the bankruptcy court.

On appeal, we review the district court's decision to reverse the setting aside of the default judgment. *Griffin v. Swim-Tech Corp.*, 722 F.2d 677 (11th Cir.1984); *Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir.1969). Where a party offers no good reason for the late filing of its answer, entry of default judgment against that party is appropriate. *McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir.1970). Likewise, the setting aside of a default judgment where no good reason has been offered for the default constitutes an abuse of discretion. In explaining the default, Knight's lawyer, stated: "The reason for default is basically my own responsibility and I will say that I very foolishly relied on the elements of professional courtesy in this case. . . ." Knight's lawyer also characterized his failure to file a timely answer as an "oversight." At no time did the lawyer attempt to show excusable neglect. Despite the lawyer's reference to his "foolish reliance on the elements of professional courtesy," he has not alleged any misconduct by the adverse party which led to the late filing. We agree with the district court that the interests of justice will be better served by enforcing the rule of procedure than by allowing this case to proceed on the merits.

AFFIRMED.