**In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.**

**Bankruptcy No. 89–8191–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 8, 1991.

See also 124 B.R. 598.

California Dept. of Health Services, James Padilla, Oakland, Cal.

Harley E. Riedel, II, Stichter & Riedel, P.A., Tampa, Fla., Gary M. Nelson, Oppenheimer Wolff & Donnelly, Minneapolis, Minn., Donald E. Engle, Oppenheimer Wolff & Donnelly, St. Paul, Minn., for debtor.

Richard H. Abramson, Los Angeles, Cal., for General Instrument Corp.

Michael P. Horan, Tampa, Fla., for Prospect Industries, Inc.

J. Christopher Luna, Dallas, Tex., for HSSM # 7, Ltd. Partnership.

Edward M. Waller, Jr., Tampa, Fla., for HCF and Sheridan Partners.

David W. Dykhouse, New York City, for Plessy N.A. Corp. & Elec.

Michael P. Brundage, Douglas McClurg, Holland & Knight, Tampa, Fla., for CAE Industries, Ltd.

A. Peter Rausch, Stockton, Cal., for Alex G. Spanos.

William M. Goldman, Brown & Wood, New York City, for the Creditor's Committee.

Robert Genzman, U.S. Atty., Tampa, Fla.,

Stanley M. Grossman, New York City, for Lillian S. Rauch.

Frank Hamilton & Associates, Tampa, Fla., for Singer Retirees Action Committee.

Jerome Tauber, Seth Kupferberg, Sipser, Weinstock, Harper & Dorn, New York City, for R. Seel & Singer Retirees.

Lynne England, Asst. U.S. Trustee, Tampa, Fla.

Robert E. Montgomery, Jr., Paul, Weiss, Rifkin, Wharton & Garrison, Washington, D.C., for Taxpayers Against Fraud.

James Gresser, U.S. Dept. of Justice, Commercial Litigation Branch, Civ. Div., Washington, D.C., for U.S. Dept. of Justice.

## ORDER ON MOTION FOR RELIEF FROM CLAIMS BAR DATE

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter under consideration is the Motion for Relief from Claims Bar Date filed by the California Department of Health Services (CDHS)

seeking authority to file a claim in this case after the claims bar date passed. Alternatively, CDHS seeks a declaration from this Court that no claim of CDHS against Bicoastal is, or may be, discharged by the Debtor's bankruptcy proceedings. The Court has considered the Motion, together with the record and argument of counsel and is satisfied that it is appropriate to enter an order denying the Motion for Relief from Claims Bar Date filed by CDHS. The facts relevant to the matter under consideration are as follows:

The Debtor's predecessor-in-interest, Singer Company (Singer), was the owner of real property a decade prior to the Debtor's Chapter 11 case, located at 2350 Washington Avenue in San Leandro, California. Singer also conducted business at 2481 Washington Avenue and 2450 Washington Avenue, San Leandro, California. In the mid–70's, the State of California began an investigation of ground water contamination in and around the vicinity of the former Singer plants. Pursuant to this investigation, on December 12, 1988, CDHS sent to Singer an "information request letter" informing Singer of soil and ground water contamination near its former plants and requesting further information from Singer regarding its activities at those locations. The letter also stated that "[f]ailure to respond fully and truthfully to the information request within 45 days ... may result in enforcement actions by the Department, ...."

On January 5, 1989, in response to the letter from CDHS, Singer's in-house counsel sent a letter to CDHS stating that Singer sold the property in question in 1975 or 1976, and that due to the passage of time, the relocation of corporate headquarters and the leveraged buyout of Singer, additional information would probably not be forthcoming. Thereafter, Singer changed its name to Bicoastal Corporation, and it subsequently filed a Petition for Relief under Chapter 11 of the Bankruptcy Code. Bicoastal received no other communication from CDHS regarding this matter until April 5, 1990.

It is undisputed that Bicoastal did not list CDHS as a creditor on either its initial or amended petitions for relief. Further, Bicoastal did not serve CDHS with formal, written notice of the claims bar date in its bankruptcy case. However, this Court is satisfied that CDHS did, in fact, have actual notice of the bankruptcy when Denise Kato, a CDHS employee, read of the Debtor's bankruptcy case in the *San Francisco Examiner*. This information was eventually communicated to Richard Birdsall, legal counsel for CDHS, sometime in 1989. Notwithstanding that CDHS had actual notice of the Debtor's Chapter 11 case, it did not file a timely proof of claim and it now seeks relief from the claims bar date.

On November 30, 1989, this Court entered an Order establishing December 30, 1989, as the bar date by which creditors must file proofs of claims against the Debtor. The Order further provided that in accordance with Bankruptcy Rule 2002(a)(8), (i) and (k), the Debtor shall provide at least twenty (20) days notice of this Order by first class regular mail to "all entities which have filed a proof of claim or interest or which have been listed in the Schedules, as supplemented or amended, filed herein, as holding a claim or who are otherwise known to the Debtor...." Additionally, the Order provided that the Debtor shall "cause a copy of the Notice to be published on one occasion at least twenty (20) days prior to the Bar Date in each of the following publications: national editions of *The Wall Street Journal* and *New York Times*, together with local newspapers in cities where Bicoastal has maintained a business location...." Thereafter, this Court entered an Order extending the bar date to January 31, 1990.

■■■ A debtor must include on its schedules "any creditor that has any arguable grounds for asserting a claim...." *In re Gilbert*, 38 B.R. 948, 950 (Bankr.N.D. Oh.1984). Additionally, a debtor with knowledge of the potential claim of a creditor must serve the creditor by mail with notice of the time and place for filing its claim. *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344

U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *In re Harbor Tank Storage Co., Inc.*, 385 F.2d 111, 115 (3d Cir.1967). If the debtor does not provide the creditor with such notice, the creditor's claim is not discharged by the debtor's bankruptcy proceedings. *City of New York*, 344 U.S. at 297, 73 S.Ct. at 301. Alternatively, if the debtor's bankruptcy proceedings are still pending, the creditor has an "absolute right" to file and prove its claim in those proceedings. *In re Harbor Tank Storage*, 385 F.2d at 114–115. *Accord, In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 98–99 (1st Cir.1974).

In order to efficiently administer a Chapter 11 reorganization case, a bar date within which creditors must file their claims is essential. It is evident and hardly subject to any dispute that in order to propose a meaningful plan of reorganization it is absolutely essential that the Debtor is able to determine the total amount and type of claims with which the plan must deal. Without this knowledge the Debtor cannot present a meaningful plan of reorganization. Thus, in instances where claims are asserted after the bar date, especially claims that cannot be allowed under Section 502(c) of the Code because they are unliquidated and contingent and must be estimated or liquidated, they would certainly cause substantial delay in processing the Chapter 11 and any delay would be detrimental to the remaining creditors who did timely file their proofs of claim. *In re Chicago, Rock Island and Pacific Railroad Co.*, 788 F.2d 1280 (7th Cir.1986).

Bankruptcy Rule 2002(a)(8) provides in pertinent part that all creditors of a debtor are to receive by mail at least twenty days notice of the time for filing proofs of claims. However, Bankruptcy Rule 2002(k), an exception to the general notice rule, provides that "the court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

■ Notice by publication to creditors who are not known or whose identity is not reasonably ascertainable is not a violation of due process. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Tulsa Professional Collection Services v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.

■ Due process requirements do not dictate that the Debtor must conduct such an "impracticable and extended" search for all potential creditors. *Mullane*, 339 U.S. at 317–18, 70 S.Ct. at 658–59. In this case, the Court is satisfied that the publication was reasonably calculated to provide CDHS with notice of the Debtor's claims bar date. In light of the fact that the only notice the Debtor had of the potential claim of CDHS was an "information request" sent by CDHS to the Debtor a full year before the Debtor filed bankruptcy, this Court is satisfied that notice by publication was sufficient. *See In re Charter Co.*, 113 B.R. 725 (M.D.Fla.1990). Further, the fact that CDHS did not respond to the Debtor's answer to the information request, which indicated no further information would be forthcoming, demonstrates the reasonableness of the Debtor's failure to notice CDHS by mail of the claims bar date. In light of the foregoing, this Court is satisfied that the Motion for Relief from Claims Bar Date be, and the same is hereby, denied. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Claims Bar Date filed by the California Department of Health Services be, and the same is hereby, denied.

DONE AND ORDERED.