In re BICOASTAL CORPORATION d/b/a Simuflite, f/k/a The Singer Company, Debtor.

California Department of Health Services, Appellant,

v.

Bicoastal Corporation, etc., Appellee.

Hudson, I.C.S., Appellant,

v.

Bicoastal Corporation, etc., Appellee.

Nos. 89–8191–BKC–8P1, 91–356–CIV–T–24C, 92–1177–CIV–T–22C.

United States District Court, M.D. Florida, Tampa Division.

Sept. 30, 1998.

Robert L. Young, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, FL, Michael S. McManus, Diepenbrock, Wulff, Plant & Hannegan, Sacramento, CA, Gregory L. Germain, Landels, Ripley & Diamond, San Francisco, CA, Susan Bertken, Dept. of Toxic Substances, Santa Cruz, CA, for appellants.

Harley Edward Riedel, II, Stichter, Riedel, Blain & Prosser, P.A., Tampa, FL, Lynn J. Hinson, Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, FL, for appellees.

### *ORDER*

BUCKLEW, District Judge.

This cause comes before the Court on Appellant Hudson's appeal of the bankruptcy court's order denying Hudson's Notice of Motion and Motion to Permit Late Filing of Claim. Appellant Hudson filed its initial brief on September 2, 1992 (Doc. No. 3). Debtor/Appellee Bicoastal ("Bicoastal" or "Debtor") filed its response on September 28, 1992 (Doc. No. 9) and Appellant filed its responsive brief on October 13, 1992 (Doc. No. 10).

The issues before the Court are as follows:

(a) Whether the bankruptcy court was correct in concluding that notice by publication was sufficient to provide Hudson with notice of the bar date for filing claims in the Debtor's Chapter 11 case.

(b) Whether the bankruptcy court was correct in concluding that Hudson's tardiness in seeking to file its claim was not the product of excusable neglect, in that Hudson did not file its motion to permit the late claim until over one year had passed after it learned that the bar date for filing claims had expired.

(c) Whether the bankruptcy court was correct in concluding that the granting of Hudson's motion to file its late claim would be prejudicial to the Debtor and the entire Chapter 11 estate, in that the claim is contingent and unliquidated and would therefore need to be estimated or liquidated before it could be allowed.

### Standard of Appellate Review

This Court is required to accept the bankruptcy court's factual conclusions unless they are found to be clearly erroneous. Bankruptcy Rule 8013. Questions concerning the bankruptcy court's application of the law are reviewed *de novo. In re Schlein,* 8 F.3d 745 (11th Cir.1993); *Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311 (11th Cir.1992).

This case arises out of the bankruptcy court's decision not to allow Hudson to file an untimely claim. A bankruptcy court's decision regarding the extension of a bar date is within that court's sound discretion. Accordingly, it will not be set aside absent a finding that the bankruptcy court abused its discretion. *In re GAC Corp.,* 681 F.2d 1295, 1301 (11th Cir.1982).

### Facts

The Debtor's predecessor-in-interest, Singer Company ("Singer"), owned property located at 2350 Washington Avenue in San Leandro, California a decade prior to the filing of the Debtor's Chapter 11 case. The property was operated in such a fash-

ion as to cause environmental contamination. Appellant Hudson owned property adjacent to Singer's property. In 1988, Hudson learned that its own property was contaminated. Hudson then sought to identify potentially responsible parties, learning in mid–1990 that Singer might be such a party. Meanwhile, on November 10, 1989, the Debtor filed its petition for relief under Chapter 11.[1]

The bankruptcy court found that "soon after"[2] the filing of the Chapter 11 petition, Hudson became aware that the "successor corporation of Singer," Bicoastal, had filed its Chapter 11 petition. Nonetheless, as the bankruptcy court noted, Hudson did not file a claim with the bankruptcy court at that time. Rather, Hudson waited until July or August of 1991 to move to file a late claim, approximately one year after it learned of the bankruptcy.

The bankruptcy court originally established the claims bar date as December 31, 1989. This date was later extended to January 31, 1990. It is undisputed that the Debtor did not list Hudson as a creditor on either of its initial or amended schedule of liabilities. Moreover, the Debtor did not serve Hudson with formal, written notice of the claims bar date. Rather, the Debtor, as ordered by the bankruptcy court, "caused a copy of the Notice to be published on one occasion at least twenty (20) days prior to the Bar Date in each of the following publications: national editions of *The Wall Street Journal* and *New York Times*, together with local newspapers in cities where the Debtor has maintained a business location...."

In denying Hudson's motion to file a late claim, the bankruptcy court stressed the one year gap between when Hudson learned of Bicoastal's bankruptcy and when Hudson filed its motion. The bankruptcy court also expressed concerns about

the nature of Hudson's claim, noting that it is a "contingent, unliquidated claim [which] would have to be estimated or liquidated in this Court pursuant to Section 502(c) of the Code before it could be allowed." The bankruptcy court concluded, "[i]n sum, the fact that Hudson did not attempt to file a claim in the Debtor's case for a full year after it admittedly know [sic] of the Debtor's case supports the Debtor's objection to the relief from the claims bar date Hudson now seeks."

### Discussion

In light of the bankruptcy court's finding that Hudson's claim was "unliquidated and contingent," the Court finds that publication was sufficient to provide Hudson with notice of the bar date. The Supreme Court addressed this issue in *Tulsa Professional Collection Serv. v. Pope*, 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988). The Court noted actual notice must be provided to all known or reasonably ascertainable creditors. *Id.* However, publication notice will suffice for creditors who are not reasonably ascertainable. "Nor is everyone who may conceivably have a claim properly considered a creditor entitled to actual notice. Here ... it is reasonable to dispense with actual notice to those with mere 'conjectural' claims." *Id.* Accordingly, given the bankruptcy court's factual determination that Hudson's claim was "conjectural," the Court finds that publication notice was sufficient.

The Court also finds that the bankruptcy court correctly concluded that Hudson's tardiness in seeking to file its claim was not the product of excusable neglect. Hudson contends that its neglect in failing to file a claim by the bar date is *per se* excusable because Hudson did not know of, and could not reasonably have discovered, the Debtor's bankruptcy case until approximately six months after the bar date.

---

1. Approximately three months prior to this filing, the Debtor changed its name from Singer to Bicoastal.

2. The Court is not sure as to the exact date when Hudson first learned of Bicoastal's bankruptcy. Hudson's brief suggests that it first learned of the bankruptcy in mid–1990.

Hudson maintains that this is the only issue because there was and is no deadline for creditors who learn of the bankruptcy case after the claims bar date to file a motion to permit the late filing of a claim. Accordingly, Hudson concludes the bankruptcy court erred in analyzing whether Hudson satisfied the excusable neglect standard. The Court disagrees.

The United States Supreme Court elaborated on the definition of "excusable neglect" in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The factors to consider in determining "excusable neglect," taking into account all of the relevant circumstances surrounding the party's omission, include: (1) danger of prejudice to the debtor; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. 1489. This Court finds that to allow Hudson's late claim is prejudicial to the Chapter 11 estate. The establishment of a bar date for filing claims is essential for the efficient administration of a bankruptcy case. *In re Bicoastal Corp.*, 124 B.R. 602, 604 (Bankr. M.D.Fla.1991). Absent the setting of a bar date, a Chapter 11 case "could not be administered to a conclusion." *In re Waterman S.S. Corp.*, 59 B.R. 724, 726 (Bankr.S.D.N.Y.1986). Deadlines are for the parties to act and produce a conclusion. The Court finds that these policy considerations also apply to the creditor who learns of the bankruptcy case after the claims bar date. To accept Hudson's argument allows such a creditor to control the life of the case, coming in at the eleventh hour to present a claim. Thus, the bankruptcy court properly applied the excusable neglect standard to Hudson. The Court notes the bankruptcy court's conclusions as to this issue.

While there might have been slight prejudice to the Debtor to grant a Mo-

tion to file a late claim soon after the bar date passed, such is clearly not the case nearly one and one-half years after the expiration of the bar date. The potential claim of Hudson, a contingent, unliquidated claim would have to be estimated or liquidated in this Court pursuant to Section 502(c) of the Code before it could be allowed. In the past eighteen months, the Debtor has been involved in extensive claims litigation, including but not limited to, the claim of the Defense Logistics Agency, the URDA claim, the Graves Hahn claim, and the SSMC claim, all very complicated claims requiring an extensive estimation process since all of them were unliquidated and contingent. To require the Debtor to begin extensive litigation with another unliquidated, contingent claim would clearly be prejudicial to not only the Debtor but to the entire estate.

Additionally, the Court notes that since the bankruptcy court's order was entered, the Debtor's Amended and Restated Plan of Reorganization has been confirmed. Accordingly, since the facts in the record fall short of satisfying the excusable neglect standard as discussed in *Pioneer*, the Court affirms the bankruptcy court's decision to deny Hudson's motion to file a late claim.

Accordingly, it is **ORDERED AND ADJUDGED** that the bankruptcy court's Order on Motion to Permit Late Filing of Claim, dated January 2, 1992, is **AFFIRMED**.