**In re TIRES AND TERMS OF COLUMBUS, INC., Debtor.**

**Michael P. Cielinski, Plaintiff/Trustee,**

v.

**Wallace A. Kitchen aka Tony Kitchen, Defendant.**

**Bankruptcy No. 99–40719–JTL. Adversary No. 00–4072.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Oct. 4, 2000.

Stephen G. Gunby, Columbus, GA, for debtors.

Michael P. Cielinski, Armour & Cielinski, P.C., Attorney Office, Columbus, GA, Chapter 7 Trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On September 11, 2000, the court held a hearing on Defendant's motion for reconsideration of a default judgment entered August 18, 2000. At the conclusion of the hearing, the court took the matter under advisement. After considering the evidence and the applicable statutory and case law, the court, for reasons indicated below, will deny Defendant's request to set aside the entry of default and default judgment.

## FACTS

On January 15, 1999, the State Court of Muscogee County entered a judgment of $104,500 against Debtor. Defendant represented Debtor in that state court action. The Muscogee County State Court judgment states that neither Defendant Kitchen nor any representative of Debtor appeared at that action.

On April 2, 1999, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On June 3, 1999, Debtor's case was converted to Chapter 7 in which Plaintiff/Trustee was appointed as Trustee. On June 23, 2000, Plain-tiff/Trustee filed the current adversary proceeding. In his complaint, Plaintiff/Trustee asserted a claim of legal malpractice against Defendant for failing to appear and defend Debtor in the state court action.

On June 29, 2000, Plaintiff/Trustee certified to mailing the summons and a copy of the complaint to the Defendant at 233 12th Street, Columbus, Georgia 31901 ("Corporate Center"). Although the suite number was absent from this address, Gary Smith, a postal carrier who has delivered mail to the Corporate Center for eleven years testified that he knew where Defendant's office was and delivered his mail whether or not the suite number was on the envelope.

The circumstances surrounding Defendant's physical condition and his absence from his office resulted in some uncertainty whether Defendant actually received notice of the complaint. On June 21, 2000, the court had received a letter from Defendant indicating that Defendant was hospitalized undergoing several surgeries. In his letter, Defendant also indicated that his "temporary address" would be West Georgia Central Medical Center in LaGrange Georgia. However, Defendant did not send a copy of the letter to Plaintiff/Trustee. During this time, Defendant's wife was supposed to pick up Defendant's mail but Defendant and his wife separated. Defendant likely did not receive the summons and complaint.

Defendant failed to file an answer to the complaint and also failed to appear at the August 15, 2000 pretrial conference. The clerk entered default and Plaintiff/Trustee filed a motion for entry of default judgment and served Defendant by certified mail and regular mail.[1] On August 18,

---

1. The court notes that in this mailing, Plaintiff/Trustee included "Suite 802" in his mailing however, Plaintiff/Trustee indicated that he had not received the return receipt for the certified mail. The regular mail envelope was not returned by the post office.

2000, a default judgment order was entered after a hearing which was not attended by Defendant.[2]

## DISCUSSION

■ The court finds that the complaint and summons were delivered to Defendant's law office and that the request for entry of default judgment was likewise delivered to Defendant's office. Defendant never personally received the complaint and summons due to the actions of his wife and he failed to read the notice of the hearing on default judgment until after the default judgment had been entered.

■ The default judgment has been entered, however, the court finds that Defendant never personally received notice of the complaint and entry of default. The court will consider Defendant's motion for reconsideration as a motion to set aside the entry of default. This is significant because FED. R. CIV. P. 55(c) (applicable to bankruptcy under FED. R. BANKR. P. 7055(c)) ("Rule 55(c)") governs the setting aside of an entry of default while FED. R. BANKR. P. 7060(b) ("Rule 60(b)") is employed when setting aside a default judgment. *See Rogers v. Allied Media, Inc. (In re Rogers)*, 160 B.R. 249, 251–52 (Bankr.N.D.Ga.1993) (citing *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527–28 (11th Cir.1990)). Furthermore, the Rule 60(b) "excusable neglect" standard used in setting aside default judgments is more rigorous than the Rule 55(c) "good cause" standard employed in setting aside an entry of default. *See id.*

■ Generally, defaults are not favored because of the strong policy of deciding cases on their merits. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984). However, in determining whether "good cause" under Rule 55(c) exists, courts in this circuit typically consider the following four factors:

(1) whether the defaulting party took prompt action to vacate the default;

(2) whether the defaulting party provided a plausible excuse for the default;

(3) whether the defaulting party presented a meritorious defense; and

(4) whether the party not in default will be prejudiced if the default is set aside.

*Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 1001 (N.D.Ga.1983), *aff'd* 742 F.2d 1465 (11th Cir.1984).

■ Under the first factor, Defendant need only act to set aside the default within a reasonable time after the entry of default. *See Rogers,* 160 B.R. at 252. In this case, the Clerk entered the default on August 15, 2000. According to Defendant, he received both Plaintiff/Trustee's Motion for Default and a copy of the Default Judgment on August 28, 2000. On August 28, 2000, Defendant filed his motion for reconsideration. Therefore, the court finds that Defendant acted promptly after actual knowledge of the default.

■ Under the second factor, the court must decide whether Defendant has a plausible excuse for the default. In this regard, the court considers the possible culpable conduct of the defaulting party. *See id.* at 253. The court recognizes that in many situations, there is no plausible excuse for failing to file an answer. *See Gower v. Knight (In re Knight)*, 833 F.2d 1515, 1516 (11th Cir.1987) (holding that a lawyer's reliance on professional courtesy is not a good reason for failing to file an

---

2. The bankruptcy noticing center served a copy of the default judgment upon the Defendant at his office address as well as the West Georgia Medical Center "temporary address" that Defendant provided to the court in his letter.

answer). However, the present case is distinguishable.

Unlike the defendant's counsel in *Gower*, Defendant Kitchen's failure to file an answer was not an "oversight" or "foolish[ ] reli[ance] on ... professional courtesy...." *Id.* As already set forth above, Defendant was unaware that the complaint had been filed against him. Moreover, Defendant testified that, "Had I received it [the complaint], I would have responded." Accordingly, the court finds that Defendant's excuse for failing to answer is plausible.

 Under the third factor, the court will consider whether Defendant has presented a meritorious defense. General denials and conclusive statements are insufficient; the movant must present a factual basis for his claim. *See Cielinski v. Solheim (In re Solheim)*, Case No. 98–40046–JTL (Bankr.M.D.Ga. August 17, 1998); *See also Turner*, 33 B.R. at 1002. Furthermore as the court in *Rogers* held, the movant has a higher burden of proof to establish a meritorious defense than what is required in responding to a complaint. *See Rogers*, 160 B.R. at 254. Moreover, the movant must "present more evidence at this stage of the proceeding to justify setting aside the default." *Id.*

In this case, Defendant has failed to make even a general denial or conclusive statement as to a meritorious defense. When the court asked Defendant what defense he had, Defendant merely asserted that since he had not read the complaint, he knew of no defenses that he could assert on the merits. He knew that he could have reviewed the complaint in the Clerk's office, but he had not done so. Therefore, the court finds that Defendant has failed to allege the necessary factual basis for a meritorious defense.

The court notes that in his motion, Defendant admitted to receiving Plaintiff/Trustee's motion for default and default judgment which clearly indicated that a $104,500 judgment had been entered against him. Given this information the court finds it incredible that Defendant failed to act to discover the substance and nature of this judgment prior to the hearing.

 Under the fourth factor, the court must consider whether the Plaintiff/Trustee, the nondefaulting party in this case, will be prejudiced if the entry of default is set aside. Courts have generally found that the threat of prejudice is much greater when no factual basis for a meritorious defense exists. *See Turner*, 33 B.R. at 1003; *Rogers*, 160 B.R. at 255. The rationale is that the delay in vindicating the plaintiff's rights and the expense in prosecuting a case where the defendant has defaulted and has no meritorious defense amount to undue prejudice to the plaintiff. *See Turner* at 1003.

In the present case, Defendant has not presented a meritorious defense and consequently, the threat of prejudice to Plaintiff/Trustee is enhanced. Had Defendant raised the inference of a meritorious defense at the hearing, this circuit's policy of hearing cases on their merits may have outweighed any asserted prejudice to Plaintiff/Trustee. *See Gulf Coast Fans*, 740 F.2d at 1510. However, the fact that Defendant failed to raise even a hint of a defense on the merits suggests to the court that no meritorious defense exists. Therefore, the court finds that vacating the entry of default would unduly prejudice Plaintiff/Trustee by forcing him to prosecute a case where Defendant has no meritorious defense.

In conclusion, the court fails to find "good cause" under Rule 55(c) and accordingly, the court will not set aside the entry of default. Although Defendant acted

promptly after receiving notice of the Motion for Default and Default Judgment, Defendant failed to present anything whatsoever as to a meritorious defense which is required under Rule 55(c).

A meritorious defense is also required to show "excusable neglect" to set aside a default judgment under Rule 60(b). However, the court acknowledges that the "excusable neglect" standard is more rigorous than the "good cause" standard. *See Mike Smith Pontiac,* 896 F.2d at 527–28. Because Defendant has failed to satisfy the less rigorous test of "good cause," Defendant has likewise failed to show "excusable neglect." Therefore, the court will not set aside the entry of default or the default judgment.

An order in accordance with this Memorandum Opinion will be entered.