In re: Ronald R. JUSTICE, Debtor.

**Southwest Georgia Farm Credit, ACA Plaintiff/Movant,**

v.

**Ronald R. Justice Defendant/Respondent.**

**Bankruptcy No. 04–12768 JTL. Adversary No. 05–1010.**

United States Bankruptcy Court, M.D. Georgia, Albany Division.

Aug. 4, 2005.

Rodney L. Allen, Moultrie, GA, for Debtor/Defendant/Respondent.

### MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On May 25, 2005, the court held a hearing on the Plaintiff's request for entry of default judgment and on the Debtor/Defendant's motion to open default. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutes, rules, and case law, the court makes the following findings of fact and conclusions of law.

### FACTS

On March 1, 2005, the Plaintiff's filed a complaint against the Debtor/Defendant alleging that the Debtor/Defendant intentionally and tortiously converted collateral of the Plaintiff. February 13, 2002, the Debtor/Defendant pledged a first priority security interest in cattle by a security agreement for two promissory notes with Plaintiff. At the first meeting of creditors on January 6, 2005, the Debtor/Defendant acknowledged that he had sold all of the cattle in 2003.

The Debtor/Defendant failed to file an answer to the complaint by the April 13, 2005 deadline. The Plaintiff filed a motion for entry of default judgment on May 6, 2005. In accordance with FED. R. BANKR. P. 7055(a) the Bankruptcy Clerk entered a clerk's default on May 6, 2005. On May 11, 2005, the Debtor/Defendant filed motion to open the default, as well as a late filed answer to the complaint.

The court held a hearing on both the Plaintiff's request for entry of default judgment and on the Debtor/Defendant's motion to open default. At the hearing, counsel for the Debtor/Defendant admitted that he received the pleading. However, counsel stated that while working out a continuance the answer date to Plaintiff's complaint was inadvertently removed.

The confirmation hearing was scheduled for March 30, 2005, before the answer was due. Both the Plaintiff and the United States of America on behalf of the Department of Agriculture, Farm Service Agency ("FSA") filed objections to confirmation. The Debtor/Defendant filed a motion for continuance of the confirmation in order to try to resolve these objections, at which point the date for the answer to the com-

plaint was removed from his file. Thus, due to a clerical error he neglected to timely file his answer.

After he learned of the clerk's entry of default, Debtor/Defendant's counsel promptly filed the motion to open default, along with filing the answer.

### DISCUSSION

■ Whether this court should set aside the Clerk's entry of default is governed by a "good cause" standard under FED. R. CIV. P. 55(c), which is applicable to Bankruptcy under FED. R. BANKR. P. 7055(c). *See Cielinski v. Kitchen (In re Tires & Terms of Columbus, Inc.),* 262 B.R. 885, 888 (Bankr.M.D.Ga.2000). The "good cause" standard used for setting aside an entry of default is less rigorous than the FED. R. CIV. P. 60(b) "excusable neglect" standard for setting aside a default judgment. *Id.*

■ "Generally, defaults are not favored because of the strong policy of deciding cases on their merits." *Id.* (citing *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499 (11th Cir.1984)). However, "[t]he court has much discretion in granting a motion to set aside an entry of default in light of the circumstances of each case." *Cielinski v. Solheim (In re Solheim),* No. 98–40046–JTL, Adv. No. 98–4029 (Bankr.M.D.Ga. Aug. 17, 1998)(citing *Rogers v. Allied Media, Inc. (In re Rogers),* 160 B.R. 249, 252 (Bankr.N.D.Ga.1993)).

■ To determine whether there is "good cause" to set aside the default, the court looks to four factors:

(1) whether the defaulting party took prompt action to vacate the default;

(2) whether the defaulting party provides a plausible excuse for the default;

(3) whether the defaulting party presents a meritorious defense; and

(4) whether the party not in default will be prejudiced if the default is set aside. *Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.,* 33 B.R. 996, 1001 (N.D.Ga.1983), *aff'd,* 742 F.2d 1465 (11th Cir.1984).

The court finds the Debtor/Defendant took prompt action to vacate the default and therefore meets the first prong of the test. The Clerk entered the default on May 6, 2005, and the Debtor/Defendant filed the motion to open the default less than a week later on May 11, 2005.

■ "As to the second factor, the court must consider the possible culpable conduct of the party in default." *Cielinski v. Sandlin(In re Sandlin),* 2002 WL 934564 (Bankr.M.D.Ga.2002). "The court recognizes that in many situations, there is no plausible excuse for failing to file an answer." *Tires & Terms of Columbus, Inc.,* 262 B.R. at 888 (citing *Gower v. Knight (In re Knight),* 833 F.2d 1515, 1516 (11th Cir. 1987)). In the present case, Debtor/Defendant's counsel stated only that due to a clerical error the date for an answer was inadvertently removed. Previously this court has found that a defendant met the second prong because he had not received the complaint (*Tires & Terms of Columbus, Inc.*), or because a defendant was proceeding *pro se* (*Sandlin* and *Solheim* ). Neither of these facts are present in this case. Although there may be "no plausible excuse for failing to file an answer", it does not appear that there was culpable conduct on the part of Debtor/Defendant's counsel either. *Supra.* In light of the public policy concerns against defaults, the court will assume, without deciding, that the Debtor/Defendant has met the second prong of the test.

■ Under the third factor, the court must determine whether the Debtor/Defendant has presented a meritorious de-

fense. "General denials and conclusive statements are insufficient; the [defendant] must present a factual basis for his claim." *Tires & Terms of Columbus, Inc.,* 262 B.R. at 889. The Debtor/Defendant failed to address what, if any, defense he had to the Plaintiff's complaint in either his motion to open the default or at the hearing. In his late filed answer, the Debtor/Defendant has only given a general denial of those paragraphs of the complaint that allege he converted the cattle with intent to defraud and that the debts are non-dischargeable. The court cannot find that the Debtor/Defendant has presented a meritorious defense.

Under the fourth factor, the court must determine whether the party not in default in this case, the Plaintiff, will be prejudiced if the entry of default is set aside. The Debtor/Defendant asserts in his motion to open default that the Plaintiff will not be harmed because the confirmation hearing had not yet been held. However, "[c]ourts have generally found that the threat of prejudice is much greater when no factual basis for a meritorious defense exists." *Id.* Therefore, because the Debtor/Defendant has failed to present a meritorious defense, there is a threat of prejudice to the Plaintiff.

### CONCLUSION

In conclusion, the court does not find "good cause" under Rule 55(c) and therefore will not set aside the entry of default. Therefore, the Court will deny the Debtor/Defendant's motion to open default and will grant the Plaintiff's request for entry of default. Orders in accordance with this Memorandum Opinion will be entered.