**In re: Phillip DIAZ, Debtor.**

**Phillip Diaz, Plaintiff,**

v.

**Sharon Mock, James Burham, Individually, And as President of National Child Support, and National Child Support, Defendants.**

**Bankruptcy No. 04–40564 JTL. Adversary No. 04–4039.**

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Aug. 30, 2005.

James A. Elkins, Jr., Columbus, GA, for Debtor.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On November 15, 2004, the court held a hearing on Defendant Sharon Mock's motion to set aside default judgment. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutes, rules, and case law, the court makes the following findings of fact and conclusions of law.

### FACTS

On February 27, 2004, Phillip Diaz filed a voluntary petition under Chapter 13 of the Bankruptcy Code. In his petition, Mr. Diaz listed Sharon Mock and National Child Support as creditors.

On April 13, 2004, Sharon Mock filed a proof of claim, which she alleged was based on a judgment for child support obtained between May 12, 1972 and August 1, 1988. An objection to the proof of claim was filed on May 29, 2004, which was served on Sharon Mock through her attorneys. No response to the objection to the claim was filed, so an order was entered on July 7, 2004 disallowing the claim.

A complaint to determine dischargeability of debt was filed against Sharon Mock, James L. Burham, individually and as president of National Child Support, and National Child Support. Only National Child Support filed an answer. No answer was filed by Sharon Mock or James L. Burham, individually or as president of National Child Support.

On September 24, 2004, a pre-trial conference in the Adversary Proceeding was held. At that time, the court noted that Sharon Mock was in default. Attorney Cohn appeared for National Child Support. Mr. Cohn never stated that he represented Ms. Mock or Mr. Burham. He made no argument as to why a default judgment should not be entered against Ms. Mock. Further, when specifically questioned as to why no answer was filed for Ms. Mock, he only stated that he believed that National Child Support "is the agent and has been assigned this claim by Ms. Mock." (Transcript pg. 3). The court went on to question how National Child Support could collect the debt, as Ms. Mock's agent, if Ms. Mock's claim was disallowed by the default judgment. (Transcript pg. 7–11). There was no answer to this question. The court granted the default judgment against Sharon Mock.

On October 4, 2004, Mr. Cohn filed a motion to set aside the default judgment against Ms. Mock. In the motion, Mr. Cohn stated that he erred in stating that he represented National Child Support, when he did in fact represent Ms. Mock. He asked that the default be set aside because there was a response filed, but due to an error, the wrong party was named in the response.

A hearing was held on the motion to set aside default judgment on November 15, 2004. At the hearing, Mr. Cohn explained that there was a problem in the communication between himself and National Child Support, which led to the confusion over whom he represented. He made this statement in his place and attached an attorney's declaration of error to his motion to set aside default judgment.

### DISCUSSION

 The standard used for setting aside a default judgment is governed by FED. R. CIV. P. 60(b). The rule states that a default may be set aside for mistake, inadvertence, or excusable neglect. According to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, the court has discretion to permit the extension of time "where failure to act was the result of excusable neglect." *Id.* "To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: '(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.'" *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir.2003) (citations omitted).

### 1. Meritorious Defense

 To determine whether there is a meritorious defense, "[g]eneral denials and conclusive statements are insufficient; the [defendant] must present a factual basis for his claim." *Cielinski v. Kitchen (In re Tires & Terms of Columbus, Inc.),* 262 B.R. 885, 889 (Bankr.M.D.Ga.2000). In the present case, it appears both parties agree that there is a child support judgment and that what is at issue is whether the child support judgment is barred by the applicable statute of limitation. Counsel for Ms. Mock cited O.C.G.A. 19–11–163(b) regarding choice of law for domestic relations, which states, "[i]n a proceeding for arrearages, the statute of limitation under the laws of Georgia or of the issuing state, whichever is longer, applies." Counsel for Debtor cited law to the contrary. If the default had not been entered, it is clear the issue in this case would revolve around whether this child support judgment is barred by the statute of limitation. Further, it is clear Ms. Mock has a specific defense to Debtor's allegation that the judgment is barred, rather than a general denial. Thus she has met the meritorious defense requirement.

### 2. Prejudice to the Non-defaulting Party

 "Courts have generally found that the threat of prejudice is much greater when no factual basis for a meritorious defense exists." *Tires & Terms of Columbus, Inc.,* 262 B.R. at 889. In the present case, the court has found that a meritorious defense may exist. Further, although the caption named the wrong party, a response was filed and the substance of the response was the same as it would have been if Ms. Mock had been correctly named. There would only be a minimal amount of delay in the case as a result of the mistake, and therefore, there is no substantial prejudice if the judgment is set aside.

### 3. Good Reason for Failing to Reply

 The reason given for failing to reply is that Mr. Cohn, counsel for Ms. Mock, was confused as to whom he represented. This type of error is excusable under *Pioneer Investment Services Co. v. Brunswick Associates Ltd.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). "The ordinary meaning of 'neglect' is 'to

give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to *esp[ecially] through carelessness'* .... The word therefore encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* at 388, 113 S.Ct. 1489 (citations omitted).

"Whether a party's neglect may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *In re Leonard,* 2001 WL 1018235, *2 (Bankr.M.D.Ga. Aug.17, 2001)(citing *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489). These factors include "the danger of prejudice to the debtor, the length of time of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer,* 507 U.S. at 395, 113 S.Ct. 1489. The court in *Leonard* looked at several cases that have examined the relevant circumstances under *Pioneer. Id.* The court in *Leonard* found that courts in the Eleventh Circuit have held that mistake of law is not excusable neglect [1] and that filing a claim over a year after the bar date is not excusable neglect.[2]

In addition to the factors for determining excusable neglect, courts consider the preferred policy of deciding cases on their merits, rather than by a technicality. "Generally, defaults are not favored because of the strong policy of deciding cases on their merits." *Tires & Terms of Columbus, Inc.,* 262 B.R. at 888 (citing *Gulf Coast Fans, Inc. v. Midwest Elec-*

*tronics Importers, Inc.,* 740 F.2d 1499 (11th Cir.1984)).

In the present case, counsel for Ms. Mock made a mistake of fact in filing a response under the wrong name, not a mistake of law. The delay was not significant and did not result in prejudice to Mr. Diaz. In addition, there has been no evidence of bad faith on the part of Ms. Mock or her attorney. In light of the relevant circumstances, the balance of the equities favors allowing the default to be set aside.

### CONCLUSION

In conclusion, the court does find that there is excusable neglect under Rule 60(b) and, therefore, will set aside the default judgment. Although counsel for Ms. Mock erred by filing his response under the wrong name, the error is not so grave as to outweigh the strong policy of deciding cases on the merits. It appears that there may be a meritorious defense to the allegations. There is no evidence of prejudice as a result of the brief delay, or of bad faith on the part of Ms. Mock or her attorney. Therefore, the court will grant Defendant Sharon Mock's motion to set aside default judgment. An order in accordance with this Memorandum Opinion will be entered.

---

1. *Advanced Estimating System Inc. v. Riney,* 130 F.3d 996 (11th Cir.1997).

2. *California Dep't of Health and Services v. Bicoastal Corp.,* 242 B.R. 43 (M.D.Fla.1998).