In re Ted Lamar JONES, Debtor.

Ted Lamar Jones, Plaintiff,

v.

J. Dale Mann; Dodd's Builder's Supply, Inc.; Bankston Lumber Company; Richard Milam, in his capacity as District Attorney for the Towaliga Judicial Circuit; Howard Simms, in his capacity as District Attorney for the Macon Judicial Circuit; Kelly Burke, in his capacity as District Attorney for the Houston Judicial Circuit, Defendants.

Bankruptcy No. 99–55074–JDW.
Adversary No. 01–5024–JDW.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

July 13, 2001.

See also 279 B.R. 370, 279 B.R. 377.

Jason M. Orenstein, Fricks, Dell & Orenstein, Macon, GA, for Debtor.

Joel V. Sherlock, Law Offices of Charles L. Ruffin, Macon, GA, for J. Dale Mann.

### MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Defendant J. Dale Mann's Motion to Open Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 55(c). The Court held a hearing on May 16, 2001. After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in compliance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

On March 1, 2001, Debtor filed a complaint with this Court alleging, among other things, that J. Dale Mann ("Defendant Mann") violated the automatic stay and the discharge injunction order issued by this Court on December 8, 2000, by attempting to collect a debt discharged by that order. Debtor states in his complaint that, along with his brother David Eugene Jones, he operated a · home construction business. As part of that business, they had a revolving account with Dodd's Builder's Supply ("DBS") for supplies. At the end of 1999, Debtor and his brother owed approximately $8,000 to DBS, which they were unable to pay. Thereafter, DBS filed a materialman's lien for the amount · it was owed against Defendant Mann, a homeowner whose home was built by Debtor and his brother with supplies purchased at DBS.

Defendant Mann contracted with Debtor and his brother to construct a home for him and had paid them the full amount under the contract for their services, approximately $64,800. However, when the lien was filed, Defendant Mann paid the lien and sought to recover that money from Debtor and his brother in state court. Defendant Mann obtained a judgment against Jones Brothers Custom Homes, Inc. on February 22, 2000, and then sought to collect on the judgment. However, Debtor had filed for bankruptcy on December 30, 1999. Debtor's brother, David Eugene Jones, filed for bankruptcy on April 3, 2000, so Defendant Mann was unable to collect on his judgment from Debtor or his brother.

Defendant Mann appeared before this Court several times in Debtor's case to try and collect on his judgment. Each time, Defendant Mann appeared before this

Court pro se and was advised to obtain legal counsel. Thereafter, Debtor's debts were discharged on December 8,2000 and David Eugene Jones's debts were discharged on July 17, 2000. Despite this, Defendant Mann garnished an account of Debtor's brother to collect on his judgment. Subsequently, Debtor filed a complaint against Defendant Mann with this Court claiming Defendant Mann violated the automatic stay and the discharge injunction order. Debtor's brother, David Eugene Jones, filed a similar complaint.

Subsequently, Defendant Mann again appeared pro se before this Court at an expedited hearing concerning Debtor's complaint and the complaint filed by his brother. While the matter in dispute at the hearing did not directly affect Defendant Mann, Defendant Mann did appear and was again advised to obtain the assistance of legal counsel. However, Defendant Mann did not obtain legal counsel and failed to respond to the complaint filed by Debtor against him. Accordingly, a default was entered on May 7, 2001. Thereafter, Defendant Mann acquired legal counsel and filed this motion to open default on May 16, 2001.

### Conclusions of Law

Rule 55(c) of the Federal Rules of Civil Procedure provides "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 55(c). Because no judgment by default was entered in this case, it is the good cause standard that the Court must look to in determining whether to set aside the default.

■ This Court has previously noted that there are four factors which should be considered in assessing good cause. While other factors may also be considered, these

four factors are: "(1) the promptness of the defaulting party's action to vacate the default, (2) the plausibility of the defaulting party's excuse for the default, (3) the merit of any defense the defaulting party might wish to present in response to the underlying action, and (4) any prejudice the party not in default might suffer if the default is opened." *Am. Express Travel Related Serv. v. Jawish (In re Jawish)*, 260 B.R. 564, 567 (Bankr.M.D.Ga.2000). In looking at these factors, a court should be mindful of the general policy favoring decisions based on the merits. *Id.*

■ The first factor to be considered is how promptly the defaulting party acted in attempting to vacate the default. As Defendant Mann correctly notes, *Rogers v. Allied Media, Inc.* found that the filing of a motion to open a default one month after the entry of default was not per se unreasonable. *Rogers v. Allied Media, Inc. (In re Rogers)*, 160 B.R. 249, 252 (Bankr. N.D.Ga.1993). In this case, a default was entered on May 7, 2001. Defendant Mann filed his motion to open the default on May 16, 2001. Having determined that Defendant Mann filed his motion 9 days after the default was entered, this Court finds that Defendant Mann was prompt and reasonable in his action to vacate the default. However, it is the second factor in the good cause assessment that is problematic for Defendant Mann.

■ The second factor that a court should consider in opening a default is whether the defaulting party's excuse for the default is plausible. This involves an examination of the defaulting party's culpability. *Jawish*, 260 B.R. at 568. Here, Defendant Mann states that he did not respond to Debtor's complaint because he misunderstood the requirement that he respond in writing. Defendant Mann also states that he thought that by appearing

pro se before this Court in the expedited hearing held on March 12, 2001, and presenting his view of the case, he had responded to Debtor's complaint. Furthermore, Defendant Mann states that he waited to seek legal assistance because he was under financial strain.

The lack of legal assistance cannot be viewed by this Court as a plausible excuse for failing to respond to Debtor's complaint. To allow such ignorance of the law alone as an excuse would create an incentive for parties appearing before this Court to forego representation and ignore the requirements of the law. In addition, Defendant Mann was repeatedly advised by this Court to obtain legal counsel in this proceeding. Defendant Mann's continued insistence on proceeding without legal counsel despite these suggestions demonstrates his culpability in failing to respond to Debtor's complaint.

Defendant Mann first appeared pro se before this Court on May 5, 2000, requesting relief from stay in the form of a motion. In response to Defendant Mann's motion, this Court stated that Defendant Mann's efforts were being frustrated by his own lack of knowledge about the proceedings, that such lack of knowledge would be a problem for him, and that his efforts were not going to be very effective without the assistance of a lawyer. The Court went on to state that Defendant Mann's request involved an examination of fine legal distinctions that some lawyers have trouble making, so the fact that Defendant Mann might have some trouble making the distinctions was of no surprise. The Court then reiterated that this was one of the problems in proceeding without a lawyer. After further discussion of Defendant Mann's motion, the Court informed Defendant Mann of the potential consequences of proceeding without legal assistance by stating that the matter in-volved difficult legal distinctions and if Defendant Mann got them wrong, he could be liable for sanctions for violating the automatic stay. The Court cautioned Defendant Mann that the law would not be applied differently for Defendant Mann because he was not a lawyer. The Court noted that Defendant Mann had access to counsel, that Defendant Mann was expected to comply with the automatic stay, and that if Defendant Mann had any question about what the stay requires, he had better seek the advice of a lawyer. The Court then reiterated that the rules were not different for pro se litigants than for represented litigants.

Defendant Mann next appeared in this case before this Court on July 7, 2000, requesting relief from stay again. In responding to statements made by Debtor's counsel in the presence of Defendant Mann, the Court stated that Debtor's counsel was setting Defendant Mann up to get in trouble, because Defendant Mann would not know where to stop. Defendant Mann did not have the assistance of a lawyer, so when Defendant Mann appeared to have violated the automatic stay, the Court stated it would hear counsel's motion for sanctions against Defendant Mann. The Court went on to note that Defendant Mann was having a difficult time, and his efforts on his own behalf would not likely be fruitful. In responding to Defendant Mann's statements, the Court stated that because Defendant Mann did not have the benefit of the services of a lawyer, he was at a disadvantage. However, the Court noted that proceeding without a lawyer was his choice, and therefore he could proceed.

Defendant Mann made his third appearance before this Court on March 12, 2001. Defendant Mann appeared pro se again as a party at interest at the expedited hearing for injunctive relief in this case and the

David Eugene Jones case. At that hearing, this Court advised Defendant Mann again that he needed the assistance of a lawyer and that Defendant Mann could be digging a very deep hole for himself. Because of these admonitions by this Court and because of Defendant Mann's decision not to employ counsel, the Court does not find Defendant Mann's excuse claiming a lack of understanding of the law to be plausible. Furthermore, the Court views Defendant Mann's conduct to be so culpable that the Court finds that Defendant Mann has not demonstrated good cause to open the default.

In making this determination, the Court is mindful of the fact that Defendant Mann has a potentially meritorious defense to the underlying action. Debtor's complaint against Defendant Mann states that Defendant Mann violated the automatic stay and the discharge injunction order issued in the case by attempting to collect a debt that had been discharged. Defendant Mann argues that he did not violate the automatic stay or the discharge injunction order by his actions because the claim he held was against Jones Construction, not Debtor. The claim was not listed in Debtor's bankruptcy schedules, therefore any of Defendant Mann's attempts to collect the debt were not actions that violated the automatic stay or the discharge injunction order in Debtor's case.

The Court also is mindful of the fact that the opening of the default would not be prejudicial to Debtor. While the opening of any default would cause delay and therefore would be somewhat prejudicial to a debtor, this must be balanced against the policy favoring resolving disputes on the merits. *Jawish*, 260 B.R. at 568. Because Defendant Mann has posed a defense with potential merit, on balance, the opening of the default would not be prejudicial to Debtor.

Nonetheless, these factors are not enough to warrant a finding of good cause to open the default. Defendant Mann was repeatedly warned of the dangers of proceeding without legal counsel. Default is certainly one of those dangers and accordingly, a default judgment will be entered in this case. Hereafter, the Court will provide Defendant Mann with notice of any future actions in this case and will allow Defendant Mann to be heard on any motion requesting punitive damages against him.