In the matter of DURANGO GEORGIA PAPER COMPANY, Durango Georgia Converting Corporation, Durango Georgia Converting, LLC, Debtors.

Durango Georgia Paper
Company, Plaintiff,

v.

Dave King Paper Sales and Consulting, Inc., Defendant.

Bankruptcy No. 02–21669.
Adversary No. 03–2053.

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

Feb. 26, 2004.

See also 2004 WL 2181772, 314 B.R. 885.

W. Brooks Stillwell, Hunter, Maclean, Exley & Dunn, Savannah, GA, for debtors.

### *MEMORANDUM AND ORDER ON MOTION TO SET ASIDE DEFAULT JUDGMENT*

LAMAR W. DAVIS, JR., Chief Judge.

Durango Georgia Paper Company ("Durango") consented to an involuntary petition for relief under Chapter 7 of the Bankruptcy Code on October 29, 2002, and converted its case to Chapter 11 on November 19, 2002. On September 15, 2003, Durango initiated an adversary proceeding against Dave King Paper Sales and Consulting, Inc., ("Defendant"). An entry of default was filed against Defendant in the adversary complaint on November 18, 2003. On November 21, Defendant filed a Motion to Set Aside Default Judgment on which this Court now rules. A hearing on Defendant's motion was held on November 21, 2003. Based upon the pleadings and arguments presented, I hold that Defendant's motion should be denied.

## FACTS

Durango asserted causes of action including breach of contract, promissory estoppel, unjust enrichment, and violation of the Uniform Commercial Code in the September 15, 2003, adversary complaint against Defendant. Durango's allegations relate to paper that Defendant offered to purchase from Durango for the purpose of selling to paper converting customers. Defendant agreed to pay Durango a set price, immediately upon Defendant's receipt. While Defendant received delivery of the paper and has apparently sold that paper to converting customers for profit, Defendant has failed to pay Durango for the paper supplied.

On November 12, 2003, Durango provided this court with the affidavit of its counsel, Robert K. Imperial, which detailed Durango's efforts to properly serve Defendant in the adversary complaint. Durango first attempted to serve Defendant by mail at 3669 Cook Road, Loganville, Georgia 30249. However, the mail sent to the aforementioned address was returned to Durango. On October 3, 2003, a summons was reissued to Defendant at the address of 1694 Knox Chapel Road, Social Circle, Georgia 30025. Service at this address was perfected on Defendant as its registered agent, Mr. Dave King ("King"), signed the return receipt on October 8, 2003. The summons stated that Defendant had until November 3, 2003, to file its answer with the Court. In its December 10, 2003, Response to Defendant's Motion to Set Aside, Durango stated that King called the Durango's counsel on behalf of Defendant in order to discuss the adversary proceeding on October 28, 2003. Durango's counsel returned the call, but King was unavailable and never returned the call. Subsequently, Defendant failed to plead or otherwise defend Durango's adversary complaint. Thus, this Court filed an Entry of Default on November 18, 2003; a final judgment has yet to be entered.

Defendant's counsel appeared at the November 21 hearing. He stated that King told him that he thought he submitted a counterclaim indicating the paper Defendant received was defective. Based on the charge of defective material, Defendant believed that the claims of the adversary complaint would be offset. At the hearing, Defendant's counsel also stated that he desired to supplement the record in order to prove that Defendant's failure to respond was the result of mistake and inadvertence.

At the November 21 hearing, I allowed Defendant three weeks to supplement the record and Durango two weeks to respond. On December 10, Durango filed its response. Defendant did not supplement the record within the proscribed time and still has not done so.

Durango contends that Defendant has failed to show "good cause" for setting aside the entry of default. Further, Durango believes Defendant's failure to respond was willful and alleges that while Defendant acted promptly in seeking to set aside the entry of default, it has not proffered a meritorious defense. Finally, Durango believes that it will be prejudiced if the default is set aside as it will be enforced to incur the additional costs of litigation.

## DISCUSSION

Bankruptcy Rule 7055 incorporates Federal Rule of Civil Procedure 55(c), which provides that, "[f]or good cause shown the court may set aside an entry of default." This provision imposes a very low standard, which is generally met any time a court finds that the default was not the result of gross neglect, the party in default has a meritorious defense,

and the non-defaulting party will not be substantially prejudiced by the reopening.[1] *See Johnson v. Alliance Mortgage & Investment Co. (In re Johnson)*, No. 93–4165, p. 4, 1994 WL 16005201, *2 (Bankr.S.D.Ga. May 24, 1994) (Davis, J.) (*citing* C. Wright and W. Miller, Federal Practice and Procedure, § 2697). Also worth considering is whether the defaulting party took prompt action to vacate the default. *See, e.g. Cielinski v. Sandlin (In re Sandlin)*, No. 01–40209, 00–4016, 2002 WL 934564, *2 (Bankr.M.D.Ga. Feb.19, 2002) (Laney, J.); *American Express Travel Related Services, Inc. v. Jawish (In re Jawish)*, 260 B.R. 564, 567 (Bankr.M.D.Ga.2000) (Walker, J.). In general, it has been held that doubtful cases are to be resolved in favor of the party moving to set aside the default so that cases may be decided on their merits.

■ In considering whether the default is the result of "gross neglect," this Court addressees Defendant's possible culpability and excuse for defaulting. Here, Defendant's only explanation for the default was that it thought it submitted a counterclaim. Based on its claim that Durango supplied defective materials, Defendant allegedly thought that it did not have to file an answer to the adversary complaint. However, Defendant has not provided this Court with any documentation or support for its counterclaim. There is no dispute that Defendant was properly served and was aware of the adversary complaint. Based on the facts, I have no option other than to find that Defendant's failure to respond was the result of gross neglect.

■ In determining whether Defendant might assert a meritorious defense to the action on which it has defaulted, Defendant has a higher burden now that default has been entered than if it filed a timely answer. *See Cielinski v. Kitchen (In re Tires and Terms of Columbus, Inc.)*, 262 B.R. 885, 889 (Bankr.M.D.Ga.2000) (Laney, J.) (*citing Rogers v. Allied Media, Inc. (In re Rogers)*, 160 B.R. 249, 254 (Bankr. N.D.Ga.1993)). Thus, Defendant cannot merely rely on the general denials and conclusory statements. Instead, Defendant must allege some evidence of a factual basis for a meritorious defense before the Court can seriously consider opening the default. *See Turner Broadcasting System, Inc. v. Sanyo Electric, Inc.*, 33 B.R. 996, 1002 (N.D.Ga.1983) *aff'd* 742 F.2d 1465 (11th Cir.1984) (denying motion to set aside entry of default where none of proposed defenses appeared meritorious). In its motion, Defendant pled in relevant part as follows:

1. An answer was not filed in this case due to mistake, excusable neglect or other grounds warranting relief from judgment including in the interest of equity, fairness and public policy.

2. The defendant will show that there is "good cause" to set aside the default judgment.

Motion to Set Aside Default Judgment (November 21, 2003).

While Defendant reserved the right to supplement its motion, it has not done so. Because all that I have to rely on is the above language from Defendant's motion and similar arguments made at the November 21 hearing, there is no basis for

---

1. Because only an entry of default has been filed and no final judgment has been entered, it is proper for this court to apply the "good cause" standard of F.R.Bankr.P. 7055 rather than the more stringent "excusable neglect" standard of F.R.Bankr.P. 9024 which incorporates F.R.Civ.P. 60. *See* F.R.Civ.P. 55(c)("For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).")

finding that Defendant has asserted a meritorious defense.

■■ Durango has offered no specific showing of prejudice beyond the expense of additional court appearances and the postponement of the relief that Durango seeks to enjoy. Here, prejudice to Durango must be balanced against the policy favoring resolution of disputes on the merits. Normally, the expense of litigation by itself would not be a sufficient showing of prejudice. However, it has been held that, "the expense a plaintiff incurs in prosecuting a suit in which the defendant has defaulted and presented no meritorious defense, unduly prejudices the plaintiff." *Turner Broadcasting System,* 33 B.R. at 1003. Because Defendant has failed to present a meritorious defense, I hold that Durango will be substantially prejudiced by reopening the entry of default.

In this case default was entered on November 18, 2003, and Defendant filed its motion to set aside on November 21. Defendant clearly acted promptly and this fact would ordinarily weigh in its favor. However, as discussed, Defendant's motion was entirely devoid of any factual assertions that would justify my setting aside the entry of default. Furthermore, Defendant was given more than ample opportunity to supplement the record, but has failed to do so. Because Defendant failed to supplement the record, it has not met its minimal burden in justifying its motion to set aside.

### ORDER

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Defendant's Motion To Set Aside Default Judgment is DENIED.