**In the matter of Donald H. BAILEY, Debtor.**

**Donald H. Bailey, Plaintiff**

**v.**

**Hako–Med USA, Inc. and Kai Hansjurgens, Defendants.**

**Bankruptcy No. 07–41381. Adversary No. 09–4002.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 12, 2009.

C. James McCallar, Jr., McCallar Law Firm, Savannah, GA, for Plaintiff.

Karen Dove Barr, The Law Office of Karen Dove Barr, Savannah, GA, for Defendants.

*MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO
OPEN THE DEFAULT*

LAMAR W. DAVIS, JR., Bankruptcy
Judge.

Debtor filed this adversary proceeding
on January 28, 2009. *Complaint*, Dckt.
No. 1. Debtor served Defendants by reg-
ular mail and by certified mail to Defen-
dants' address of record on January 30,
2009. *Summons*, Dckt. No. 3. Defen-
dants received actual notice of the adver-
sary proceeding on February 10, 2009.
*Affidavit of Defendant Kai Hansjurgens*,
Dckt. No. 12, Exhibit. On March 10,
2009, Defendants filed their answers to
the complaint and also Motions to Open
the Default. *Answers*, Dckt. Nos. 5 & 6;
*Motions*, Dckt. Nos. 7 & 8. After a pre-
trial hearing on March 13, 2009, Plaintiffs
filed a Motion for Default Judgment and
an Objection to Defendants' motion to
open the default. *Motion*, Dckt. No. 10
(March 20, 2009). On March 23, 2009,
Defendants filed a brief in support of
their Motion to Open the Default. *Defen-
dants' Briefs*, Dckt. Nos. 11 & 12.

■ There is no dispute that Defen-
dants filed their answers late and thus
were in default. *See Defendants' Briefs*,
Dckt. Nos. 11 & 12, pg. 2. Under Federal
Rule of Bankruptcy Procedure 7012, a de-
fendant shall serve an answer within 30
days after the issuance of the summons.
The initial day is not included in comput-
ing the time, and three days are added
because the summons was sent by mail.
Fed.R.Bankr.P. 9006(a) & (f). Thus, De-
fendants' answers were due March 4, 2009.
Defendants' did not file their answers until
March 10, 2009. As a result, Defendants
were in default.[1]

■ Pursuant to Bankruptcy Rule
7055 which applies Federal Rule of Civil
Procedure 55(c), this Court may, upon a
showing of good cause, set aside an entry
of default. "The determination as to
whether good cause exists lies with the
discretion of the trial court." *Penn v.
Johnson (In re Johnson)*, 1991 WL
11002465, at *1 (Bankr.S.D.Ga. Nov. 11,
1991)(Dalis, J.) (citations omitted). Gener-
ally, the factors courts consider include,
but are not limited to: (1) the promptness
of the defaulting party's action to vacate
the default, (2) the plausibility of the de-
faulting party's excuse for the default, (3)
the merit of any defense the defaulting
party might wish to present in response to
the underlying action, and (4) any preju-
dice the party not in default might suffer if
the default is opened. *In re Jawish*, 260
B.R. 564, 567 (Bankr.M.D.Ga.2000)(Walk-
er, J.); *see In re Durango Paper Co.*, 314
B.R. 881, 883–84 (Bankr.S.D.Ga.
2004)(Davis, J.). "Federal District courts
seem more willing to set aside an entry of
default and with a lesser showing than
they are in the case of a default judg-
ment." *Atlanta Gas Light Co. v. Sema-
phore Advertising, Inc.*, 747 F.Supp. 715,
718 (S.D.Ga.1990)(Bowen, J.); *see Gulf
Coast Fans, Inc. v. Midwest Electronics
Importers, Inc.*, 740 F.2d 1499 (11th Cir.
1984); *Davis v. Parkhill–Goodloe Co.*, 302
F.2d 489, 495 (5th Cir.1962)(Judgments by
default are not generally favored; hence,
as a general proposition, any doubts
should be resolved in favor of permitting a
hearing on the merits.). "In looking at
these factors, a court should be mindful of
the general policy favoring decisions based

---

1. Though Defendants were in default, no en-
try of default has yet been entered. However,
because Defendants' motion to open default
and Debtor's motion for default judgment
were filed as if an entry of default had been
entered, this Court will address the issue as if
it had been entered.

on the merits." *In re Jones*, 279 B.R. 366, 368 (Bankr.M.D.Ga.2001)(Walker, J.); *see also In re Durango Paper Co.*, 314 B.R. at 884.

■ Applying the above factors, I find that Defendants have made an adequate showing of good cause. First, Defendants filed their motions to set aside the default on the same day as they filed their answers, which was just six days after default occurred. This delay was not unreasonable. *See Rogers v. Allied Media (In re Rogers)*, 160 B.R. 249, 252 (Bankr. N.D.Ga.1993)(Drake, J.)(held that under the less stringent standard of Rule 55(c), filing a motion to open a default a month after the entry of default was not unreasonable per se.).

Second, Defendants have presented two meritorious defenses. First. Defendants assert that "[a]ll matters in controversy between the parties pursuant to the attached agreement marked as Exhibit "A" are required to be 'settled by arbitration in Honolulu, Hawaii ...,' and this case should be transferred for arbitration." *Answers*, Dckts. No. 5 & 6. Defendants attached the contract signed by Debtor to their answers, and it does contain an arbitration clause. *See Id.*, Exhibit, ¶ 22. Therefore, as long as Defendants can prove that they are entitled to arbitration under the standard established by *In re Martin*, 387 B.R. 307 (Bankr.S.D.Ga.2007)(Davis, J.) and *In re Friedman's, Inc.*, 372 B.R. 530 (Bankr. S.D.Ga.2007)(Davis, J.), all or part of this adversary proceeding may be transferred for arbitration.

Defendants also assert that "[a]t all times during these transactions Defendants specifically disclaimed any presentations in regards to billing procedures. Debtor specifically agreed that no billing advice or instructions had been or will be provided to the undesigned customer." *Answers*, Dckt. Nos. 5 & 6. This defense is in response to Debtor's assertion that representatives of Defendants, in both face to face meetings with Debtor and presentations to larger groups, claimed that doctors could use two codes to bill Medicare and other insurance companies, information which Debtor relied on when he purchased Defendant's medical equipment to later sell to doctors. However, after Debtor purchased the equipment, Medicare and other insurance companies only allowed one code to be used, a result which caused reimbursement to lower by half and thus to detrimentally harm Debtor. Therefore, if Defendants are able to establish these facts at trial and provide the law to back up this defense, this assertion may constitute a meritorious defense to Debtor's complaint. *See Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir.1989)("The 'meritorious defense' component ... does not go so far as to require that the movant demonstrate a likelihood of success on the merits. Rather, a party's averments need only plausibly suggest the existence of facts which, if proven at trial would constitute a cognizable defense."); *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir.1969); *In re Johnson*, 1991 WL 11002465, at *1.

■ Third, Debtor will not be prejudiced by vacating the default. " 'Prejudice is not shown by the simple delay that will inherently attend in resolving a case from setting aside of a judgment.' " Instead, "prejudice is shown where evidence has been lost, destroyed, or will be more difficult to obtain, or where plaintiff's costs will increase to an unfair degree as a result of setting aside the default." *Washington v. Rogers*, 2007 WL 1732575, at *2 (S.D.Ga. June 14, 2007)(Smith, J.) (citations omitted). Debtor has not shown nor even implied that he will be prejudiced in this way if this Court sets aside the entry of default. Furthermore, "[w]hile the opening of any default would cause delay and therefore

would be somewhat prejudicial to a debtor, this must be balanced against the policy favoring resolving disputes on the merits." *In re Jones,* 279 B.R. at 370; *see also In re Jawish,* 260 B.R. at 568. Because Defendants have posed two defenses with potential merit, on balance, the opening of the default would not be prejudicial to Debtor.

 Although the reason for Defendants delay is not a compelling excuse, "when setting aside a default as opposed to vacating a default judgment, it is not always necessary that the neglect or oversight be excusable." *Rasmussen v. W.E. Hutton & Co.,* 68 F.R.D. 231, 235 (N.D.Ga. 1975)(Hill, J.); *see also Bruce v. Pharma-Centra, LLC,* 2008 WL 1902090, at \*7 (N.D.Ga. Apr. 25, 2008)(Thrash, J.); *Atlanta Gas Light Co.,* 747 F.Supp. at 718. However, if the Plaintiff has shown that Defendant's delay was willful or grossly negligent, that will definitely weigh in favor of denying Defendants motion. *See In re Durango Paper Co.,* 314 B.R. at 883(Bankruptcy Rule 7055 "imposes a very low standard, which is generally met any time a court finds that the default was not the result of gross neglect ...”); *In re Jones,* 279 B.R. at 368(Analyzing the second factor "involves an examination of the defaulting party's culpability.").

Plaintiff does not allege, nor do the facts indicate, that the delay was in any way willful or grossly negligent. Based on Defendant Kai Hansjurgens' affidavit, Defendants were diligent in attempting to hire an attorney, and because of the six hour time difference and long duration of law firms' conflict checks, Defendants were unable to hire an attorney until March 10th, the same day Defendants' answers and motion to open default were filed. Even though this reason may not rise to the level of "excusable neglect" for setting aside a default judgment, it is enough to establish the lower "good cause" standard.

Accordingly, Defendants have made an adequate showing of good cause thus Defendants' Motion to Open Default is granted.

### ORDER

Pursuant to the foregoing IT IS THE ORDER OF THIS COURT that the Defendants' Motion to Open Default is GRANTED.